| | |
|---|---|
| HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALASKA NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>METRO METALS NORTHWEST, INC., et al.,<br><br>Defendants. | CASE NO. C17-5765 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint [Dkt. 18]. This is an insurance coverage action arising from whether an insurance policy issued by Plaintiff Alaska National Insurance Company covers damage to a dock at the Port of Vancouver allegedly caused by Defendants Metro Metals Northwest and Pacific Coast Shredding. Alaska National seeks to amend its complaint under Fed. R. Civ. P. 15 to add an allegation that the alleged property damage did not take place during the policy period. Defendants oppose, contending all information supporting the new allegation was known to Alaska National before it filed the original complaint.

Under the Federal Rules of Civil Procedure, a party may amend its pleading once within 21 days of service or 21 days after a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Beyond that, a party may amend only with written consent from the

opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). A court should grant leave "freely . . . when justice so requires," and that policy is "to be applied with extreme liberality." *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). That standard—"freely when justice so requires"—might be thought a touch ambiguous. Thus, the Supreme Court has advised lower courts to consider undue delay, bad faith, dilatory motives, repeated failures to cure deficiencies, futility, undue prejudice, for any other factor it deems important to the calculus. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has repeatedly clarified that prejudice must weigh most heavily in the determination. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). Indeed, prejudice is the "touchstone of the inquiry under rule 15(a)." *Id.* (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186–87 (noting that party opposing amendment "bears the burden of showing prejudice")).

The Court has reviewed the briefings and declarations submitted in conjunction with this matter and discerns minimal prejudice to Defendants at this early stage of litigation if Alaska National is allowed to amend its complaint. Accordingly, Plaintiff's Motion to Amend [Dkt. 18] is **GRANTED** and Plaintiff shall file its proposed First Amended Complaint.

IT IS SO ORDERED.

Dated this 16th day of January, 2018.

Ronald B. Leighton
United States District Judge